## CIRCUIT COURT OF THE CITY OF RICHMOND

Don L. Kaufman

v.

Department of Taxation

October 30, 1990

Case No. LR-3455-4

By JUDGE RANDALL G. JOHNSON

Plaintiff filed this action seeking a writ of mandamus requiring the Virginia Department of Taxation to allow him to discover and inspect information in the Department's possession relating to its assessment of plaintiff's taxes. Through discussion and negotiation, it appears that plaintiff's original request has now been rendered moot. Still dissatisfied with his assessment, however, plaintiff now asks for leave to amend his pleadings to challenge the assessments under Va. Code § 58.1-1825. That section provides, in pertinent part:

> Any person assessed with any tax administered by the Department of Taxation and aggrieved by any such assessment may, unless otherwise specifically provided by law, within three years from the date such assessment is made, apply to a circuit court for relief . . . . The application shall be before the court when it is filed in the clerk's office. *Such application shall not be deemed filed unless the assessment has been paid.* (Emphasis added.)

The Department opposes plaintiff's request on the ground that plaintiff has not yet paid the assessment.

The narrow question before the court is whether the statute's requirement that a taxpayer pay an assessment before challenging that assessment in court is violative of the due process clause of either the federal or state constitution. Because the court concludes that such requirement is constitutional, plaintiff's request for leave to amend is denied.

Before discussing the constitutional question, the court feels it necessary to comment on what appears to be a conflict between the payment requirement of § 58.1-1825 and certain language of the immediately following section. While the plain language of § 58.1-1825 makes it clear that no action can be maintained in court unless the assessment is paid, § 58.1-1826 provides, in part:

> If the court is satisfied that the applicant is erroneously or improperly assessed with any taxes, the court may order that the assessment be corrected. If the assessment exceeds the proper amount, the court may order that the applicant be exonerated from the payment of so much as is erroneously or improperly charged, *if not already paid* and, if paid, that it be refunded to him. (Emphasis added.)

The emphasized portion of § 58.1-1826 just quoted, "if not already paid," is directly contrary to, and cannot be reconciled with, the requirement in the immediately preceding section that the assessment must be paid *before* the taxpayer may seek relief in court. The court concludes, however, that this conflict is simply a matter of legislative oversight, and that the payment requirement of Section 58.1-1825 controls.

Prior to 1980, there was no requirement that an assessment be paid before a taxpayer was allowed into court. *See* former § 58-1130. Also, prior to 1980, former Section 58-1134 contained the "if not already paid" language which now appears in § 58.1-1826. The payment requirement was added by amendment in 1980. The court believes that when that requirement was added, the General Assembly simply neglected to remove the "if not already paid" language from the companion statute, and that such oversight has not yet been corrected. The court is satisfied, however,

that it was the legislature's intent, by amending the statute in 1980, not to allow a court challenge to an assessment until *after* the assessment has been paid.

Turning now to the question of the constitutionality of the payment requirement, the court believes that the answer to that question is provided in several opinions of the United States Supreme Court. In *McKesson Corp. v. Division of Alcoholic Beverages,* 495 U.S. ---, 110 S. Ct. 2238, 110 L. Ed. 2d 17 (1990); *Rosewall v. LaSalle National Bank,* 450 U.S. 503, 101 S. Ct. 1221, 67 L. Ed. 2d 464 (1981); and *Great Lakes Dredge & Docks Co. v. Huffman,* 319 U.S. 293, 87 L. Ed. 2d 1407 (1943), the Court was presented with the issue of a federal court's power to enjoin a state's collection of taxes where the only opportunity afforded a taxpayer by the state to challenge an assessment was a proceeding after the payment of the assessment, or a "postdeprivation process," which is the procedure provided for in the Virginia statute. In each case, the Court held that no injunction could be entered. The following language from *McKesson* illustrates the Court's thinking:

> Because exaction of a tax constitutes a deprivation of property, the State must provide procedural safeguards against unlawful exactions in order to satisfy the commands of the Due Process Clause. The State may choose to provide a form of "predeprivation process," for example, by authorizing taxpayers to bring suit to enjoin imposition of a tax prior to its payment, or by allowing taxpayers to withhold payment and then interpose their objections as defenses in a tax enforcement proceeding initiated by the State. However, whereas "[w]e have described 'the root requirement' of the Due Process Clause as being 'that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest'," *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 542 (1985) (citation omitted), it is well established that a State need not provide predeprivation process for the exaction of taxes. Allowing taxpayers to litigate their tax liabilities

prior to payment might threaten a government's financial security, both by creating unpredictable interim revenue shortfalls against which the State cannot easily prepare, and by making the ultimate collection of validly imposed taxes more difficult. To protect government's exceedingly strong interest in financial stability in this context, we have long held that a State may employ various financial sanctions and summary remedies such as distress sales in order to encourage taxpayers to make timely payments prior to resolution of any dispute over the validity of the tax assessment. *McKesson Corp. v. Division of Alcoholic Beverages*, 110 L. Ed. 2d at 35-36 (citations omitted, emphasis in original).

These holdings are dispositive of this case. In order to comply with the requirements of due process, a state may provide either a "predeprivation" *or* a "*postdeprivation*" opportunity for a taxpayer to challenge his or her tax assessment. Virginia, beginning in 1980, has elected to provide a "postdeprivation" opportunity. Until the assessment is paid, plaintiff may not challenge it in this court.[1]

---

[1] The fact that McKesson and the other cases cited above involved requests for injunctions does not change the result which the court now reaches. The critical fact is that the payment requirement itself was found to be constitutional. It should be noted, however, that Section 58.1-1831 of the Virginia Code DOES allow a court to grant an injunction against the assessment or collection of state and local taxes where a party has no adequate remedy at law. Plaintiff has conceded, however, that the facts of his case do not warrant injunctive relief here.