# CIRCUIT COURT OF THE CITY OF RICHMOND

Nazir A. Chaudhary

v.

Commonwealth of Virginia,
Department of Taxation

June 15, 2015

Case No. CL12-344

By Judge Clarence N. Jenkins, Jr.

On July 16, 2012, this Court entered an Agreed Order, endorsed by both parties, permitting this Court to resolve Defendant's Demurrer and Plea of Sovereign Immunity based solely on the pleadings. To date, those pleadings include as follows: (1) Plaintiff's Complaint; (2) Defendant's Demurrer, Plea of Sovereign Immunity, and Answer; (3) Plaintiff's Opposition to Demurrer and Plea of Sovereign Immunity; and (4) Defendant's Reply Supporting Demurrer and Plea of Sovereign Immunity.

Plaintiff seeks declaratory judgment, injunctive relief, and attorney's fees arising from an alleged excessive tax liability assessment by Defendant. Defendant argues Plaintiff's Complaint fails as a matter of law because Plaintiff has an adequate remedy at law under the Virginia Code and also because Defendant is entitled to sovereign immunity.

Based upon the above-listed pleadings, this Court finds as follows.

Va. Code § 58.1-1831 provides:

> No suit for the purpose of restraining the assessment or collection of any tax, state or local, shall be maintained in any court of this Commonwealth, except when the party has no adequate remedy at law.

Therefore, as an initial matter, this Court must determine whether Plaintiff has an adequate remedy at law.

Va. Code § 58.1-1825 provides a post-deprivation opportunity for a taxpayer to challenge his or her tax assessment. Pursuant to Va. Code

§ 58.1-1825(B), an applicant must satisfy his outstanding tax liability prior to applying to the circuit court for relief.

It is well-established that, within the confines of taxpayer relief, post-deprivation relief comports with the Due Process Clause. *See Kaufman v. Department of Taxation*, 21 Va. Cir. 437, 439-40 (City of Richmond, 1990) (*citing McKesson Corp. v. Division of Alcoholic Bevs. & Tobacco*, 496 U.S. 18, 36, 110 S. Ct. 2238, 110 L. Ed. 2d 17 (1990)). Therefore, this Court finds Va. Code § 58.1-1825 provides Plaintiff with an adequate remedy at law.

Moreover, this Court finds Va. Code § 58.1-1831 applies to taxes, levies, penalties, and interest, or all of them pursuant to Va. Code § 58.1-1832. Therefore, aggrieved taxpayers, whether aggrieved because of taxes, levies, penalties, or a combination of all the above, must pay the assessed amount prior to seeking judicial relief.

Plaintiff's Complaint admits he failed to satisfy the tax liability at issue prior to filing the present action. Therefore, this action is not properly before this Court pursuant to Va. Code § 58.1-1831. As a result, this Court sustains Defendant's Demurrer with prejudice. This ruling is limited to Plaintiff's effort to seek declaratory judgment and an injunction. Moreover, this Court denies Plaintiff's motion for attorney's fees.

Based on the above ruling, Defendant's Plea of Sovereign Immunity is moot.